## County Amusement Company v. Johnstown Schiff's, Inc.

*Norman A. Krumenacker, Jr.*, for petitioner.
*Harry A. Englehart, Jr.*, for respondent.

McWILLIAMS, J., June 11, 1965.—The County Amusement Company, petitioner, entered into a lease with Johnstown Schiff's, Inc., respondent, dated September 28, 1962, in which petitioner leased to respondent a certain storeroom in a shopping center to be erected, known as the Westwood Plaza, Lower Yoder Township, Cambria County, Pennsylvania. Petitioner did construct and erect said shopping center and did complete the premises leased by respondent in accordance with petitioner's express covenants. Respondent accepted the leased premises and occupied the same for a period in excess of one year and is presently

occupying the same premises. The lease between the parties contained in section 6, the following provisions:

"It is contemplated that the demised premises and the shopping center of which they shall be a part will be completed at approximately March 1, 1963, and it is understood and agreed that, in the event that the demised premises and the shopping center of which they are a part shall not be ninety (90) per cent completed by April 1, 1963, thereupon the Lessee may, at its option cancel this lease by giving notice within sixty (60) days thereafter to the Lessor of its intention and desire to cancel, and thirty (30) days after the giving of such notice, this lease shall be void and no further force and effect or binding upon either the Lessor or the lessee. It is further understood and agreed that, in the event that the demised premises and the shopping center of which they are a part shall not be one hundred (100) per cent completed by March 1, 1964, thereupon the Lessee may, at its option, cancel this lease by giving notice within sixty (60) days thereafter to the Lessor of its desire and intention to cancel, and thirty (30) days after the giving of such notice, this lease shall be void and of no further force and effect or binding upon either the Lessor or the Lessee."

Respondent gave notice of termination of the lease on the basis that County Amusement Company, petitioner, had not fully complied with paragraph 6 of the lease as to completion of 100 percent of shopping center March 1, 1964. Petitioners have stipulated that the shopping center storerooms were constructed by March 1, 1964. However, their construction is determined by stipulation entered into by petitioner and respondent. Said stipulation is as follows:

"The petitioner and the Respondent, by their respective attorneys stipulate that the unoccupied storerooms referred to in the petition for declaratory judgment are finished in the following manner:

"1. The storerooms are constructed of concrete block, which are exposed in the interior of each room.

"2. The store fronts are completed.

"3. The concrete floors are completed.

"4. Plumbing is roughed into each vacant room.

"5. Each vacant room has a heating system installed.

"6. The ceiling is exposed.

"7. The electrical service is available at each storeroom.

"8. The roofs are erected on all these storerooms.

"9. The unoccupied storerooms do not contain:

"(a) All electrical wiring, all electrical outlets, all lighting fixtures, including bulbs;

"(b) The unoccupied storerooms do not contain any type of floor covering;

"(c) The unoccupied storerooms do not contain any toilet facilities;

"(d) The unoccupied storerooms do not contain a finished ceiling;

"(e) The unoccupied storerooms do not contain dry wall or other type wall finishes; and

"(f) The unoccupied storerooms are not painted.

"The parties hereto agree to be bound hereby to this stipulation and they agreed before the court that the court shall consider this as binding on both parties as to the condition of the storerooms in the shopping center."

Both petitioner and respondent have made motions for judgment on the pleadings. The sole question is whether County Amusement Company, petitioner, has fully complied with paragraph 6 of the lease as to 100 percent completion of the shopping center on March 1, 1964, and whether respondent had legal right to cancel said lease as a result of an alleged breach of paragraph 6 of said lease because of failure as to 100 percent completion of said shopping center by March 1, 1964.

Although both parties have agreed to submit the case for declaratory relief, we must still determine whether this particular case comes within the declaratory statute.

The instant case presented is of such nature that there is jurisdiction in the court to which it is presented to grant declaratory relief and the court to which this application has been made is the appropriate court to grant the relief.

Declaratory judgment may be procured in courts including courts of common pleas, which have jurisdiction of the subject matter. The subject matter in controversy is a lease agreement made and entered into in Cambria County involving premises in question in Cambria County. The parties have submitted themselves to the jurisdiction of this court and have requested the court to adjudicate the matter of controversy between the contending parties.

We have the existence of an actual controversy between contending parties, as well as the presence of antagonistic claims which indicate imminent and inevitable litigation; further, we have the assertion of legal rights, privileges and status, which are denied by the respective parties. Therefore, the fundamental requisites are met bringing the case within the scope of declaratory relief.

A declaratory judgment may be obtained to determine the proper construction of a lease: 6 A Standard Pa. Prac. 366 §120; Girard Trust Co. v. Tremblay Motor Co., 291 Pa. 507, 140 At. 506. We, therefore, determine that this particular case comes within the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, as amended, and this court has jurisdiction.

After careful examination, there is no question in the court's mind, under the lease in paragraph 6, completion does not mean occupancy of the various premises in the shopping center, but that it is limited to

completion pertaining to construction. We must look at the lease itself for interpretation of terms contained therein and the intent of the parties. Section 1 defines premises as all that certain first floor and storeroom having frontage of approximately 35 feet and depth of 120 feet to be located in the Westwood Shopping Plaza. Here is premises as simply a storeroom of a certain size sans improvements.

A careful reading of this lease reveals, as respondent in its brief points out, the word "Completion" first appeared in the lease at the top of page 2, in section 2, where the tenant's term is begun after delivery by lessor and acceptance of lessee of possesion of said *premises* with the completed building improvements and installations by the lessor. Here premises is distinguished from improvements and installations.

Without Exhibit B the stipulation would show the storeroom construction finished, and the lease bears this out, in that paragraph 15 of said lease is entitled "Initial Improvements". The words "Initial Improvements" can only mean these items that are first added to the something already structurally complete, and we must determine that the construction of the shopping center as of March 1, 1964, was structurally completed as to the meaning of paragraph 6 in relation to 100 percent completion of shopping center.

## DECLARATION

And now, June 11, 1965, on consideration of the petition, after argument and full consideration, respondent's (Johnstown Schiff's, Inc.) motion for judgment on the pleadings, is denied. Petitioner's (County Amusement Company) motion for judgment on the pleadings, is hereby granted, and the following declaration determined: That County Amusement Company has fully complied with paragraph 6 of the lease as to 100 percent completion of said shopping center on March 1, 1964, and that respondent, Johnstown

Schiff's, Inc., had no legal right to cancel said lease as a result of an alleged breach of paragraph 6 of said lease. Further, costs of this proceeding are to be born jointly by petitioner (County Amusement Company) and respondent (Johnstown Schiff's, Inc.)

Petitioner's request for attorney's fees incurred in bringing this action, is refused.